J. Randall Jones, Esq., NV Bar No. 1927
r.jones@kempjones.com
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone: (702) 385-6000

Patrick English, Esq. *(pro hac vice pending)*
dinesandenglish@aol.com
DINES and ENGLISH, LLC
685 Van Houten Avenue
Clifton, New Jersey 07013
Telephone: (973) 778-7575

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT BRANT, an individual, | Case No.: 2:21-cv-00618-JCM-BNW |
| Plaintiff | |
| vs. | **ERRATA TO COMPLAINT** |
| GREG COHEN; RAPACZ BOXING, LLC; CORY RAPACZ; TOP RANK, INC.; and Does 1-5, | |
| Defendants. | |

COMES NOW Plaintiff Robert Brant, by and through his undersigned counsel, and hereby submit their Errata to Complaint and Jury Demand that was filed on April 14, 2021.

The purpose of the Errata is to withdraw the request for Jury Trial. The corrected Complaint is attached hereto as Exhibit 1.

DATED this 15th day of April, 2021.

KEMP JONES, LLP

*/s/ J. Randall Jones*
J. Randall Jones, Esq., NV Bar No. 1927
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169

1

1

Patrick English, Esq. *(pro hac vice pending)*
dinesandenglish@aol.com

2

DINES and ENGLISH, LLC
685 Van Houten Avenue

3

Clifton, New Jersey 07013

4

*Attorneys for Plaintiff*

5

6

7

**CERTIFICATE OF SERVICE**

8

I hereby certify that on the 15th day of April, 2021, I electronically filed and served the

9

foregoing via the United States District Court for the District of Nevada using the CM/ECF

10

system.

11

12

*/s/ Pamela Montgomery*
An employee of Kemp Jones, LLP

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KEMP JONES, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

# EXHIBIT 1

1    J. Randall Jones, Esq., NV Bar No. 1927
     r.jones@kempjones.com
2    KEMP JONES, LLP
     3800 Howard Hughes Parkway, 17th Floor
3    Las Vegas, Nevada 89169
     Telephone: (702) 385-6000
4

5    Patrick English, Esq. *(pro hac vice pending)*
     dinesandenglish@aol.com
6    DINES and ENGLISH, LLC
     685 Van Houten Avenue
7    Clifton, New Jersey 07013
     Telephone:  (973) 778-7575

8    *Attorneys for Plaintiff*

9

**UNITED STATES DISTRICT COURT**

10

**DISTRICT OF NEVADA**

11

| | |
|---|---|
| ROBERT BRANT, an individual, | Case No.:  2:21-cv-00618-JCM-BNW |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| GREG COHEN; RAPACZ BOXING, LLC; CORY RAPACZ; TOP RANK, INC.; and Does 1-5, | |
| Defendants. | |

20        Plaintiff Robert Brant, individually, by and through his counsel of record, and for his

21 Complaint against Defendants, hereby allege as follows:

22                         **PARTIES**[1]

23       1.     Robert Brant is a Professional Boxer who is a citizen of the State of Texas. In

24 addition to being a regional title holder, he is a former World Middleweight Title holder.

25       2.     Defendant Greg Cohen ("Cohen") is a resident of New Jersey who has been

26 convicted of fraud. Though he purports to be a boxing promoter he is not licensed as such in any

27

28

---

[1] All headings are for convenience only.

relevant jurisdiction. He does business through a sole proprietorship called Greg Cohen Promotions.

3.      Defendant Rapacz Boxing LLC is a boxing promotional company located in Minnesota. It is owned by Defendant Cory Rapacz, also a citizen of the State of Minnesota.

4.      Defendant Top Rank, Inc. ("Top Rank") is a boxing promotion company headquartered in the State of Nevada. It is joined as a stakeholder in this matter and holds funds claimed by both plaintiff and the Cohen/Rapacz defendants.

5.      Cohen/Rapacz partnership is a partnership between Greg Cohen and Cory Rapacz/Rapacz Boxing LLC. As partners, each partner is responsible for the acts of the other. Collectively Cohen, Rapacz, and Rapacz Boxing LLC will be referred to herein as the Cohen/Rapacz defendants.

6.      Does 1-5 are persons or entities as yet unknown who assisted the Cohen/Rapacz defendants in the actions described herein.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (a) based upon diversity of the citizenship of the parties. The amount in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs.

8.      This Court also has jurisdiction under 28 U.S.C. § 1331 in that aspects of this dispute arise under Federal Statute.

9.      In addition, this court would have jurisdiction over supplemental State claims under 28 U.S.C. § 1367.

10.     Venue is proper in this district in that the parties contractually agreed to venue in Clark County, Nevada.  Additionally, all parties do business in Clark County, Nevada.

## GENERAL BACKGROUND

11.      Robert Brant was a talented amateur boxer. He began boxing at the age of 16 and among other honors he was a Golden Gloves Champion and a U-19 National Champion.

KEMP JONES, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

12.　　He began his professional boxing career in 2012 and has now, at the age of 26, amassed a record of 26 wins against two losses.  He held the WBA Middleweight title from October of 2018 to July of 2019.

13.　　In 2015, Mr. Brant entered into a promotional contract with an entity called Greg Cohn Promotions, LLC, a New Jersey limited liability company with headquarters at the time in New York City, New York. That agreement was amended in April of 2018 when Rapacz Boxing LLC and Greg Cohen Boxing, LLC entered into an agreement to partner in promoting Robert Brant. Upon information and belief, at that time Cohen knew that he was under Federal investigation for fraud but, failed to disclose that fact despite the contractual obligation to "operate and negotiate in good faith at all times."

14.　　Mr. Brant thereupon, won the WBA Middleweight Championship by defeating Ryota Murata on October 20, 2018. That event was primarily promoted by Top Rank, Inc. and was held in Las Vegas, Nevada.

15.　　In or about November of 2018, Mr. Brant became aware that Top Rank, Inc. wished to sign him to a promotional contract. Cohen demanded that all negotiations flow through him.

16.　　Mr. Brant desired to proceed with Top Rank as his promoter. Top Rank is a major promotional entity with a generally good reputation in the industry whereas Cohen, has a generally poor reputation.

17.　　Mr. Brant was out of the United States on his honeymoon while negotiations took place.  Upon his return he was informed by Cohen that there was an immediate deadline to execute the paperwork with Top Rank or it would "walk away", precluding adequate time for review of the contract.

18.　　In the context set forth above, Mr. Brant executed two documents. One was a release of prior promotional agreements and obligations under those agreements ("Release"). The second was a Co-Promotional Rights Agreement ("Promotional Agreement"). A copy of that

KEMP JONES, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

3

Promotional Agreement is attached as Exhibit "A" to this complaint [2] and is incorporated herein. Greg Cohen Promotions, LLC was not a party to the Promotional Agreement; instead it was with Greg Cohen individually d/b/a Greg Cohen Promotions. We now believe, on information and belief, that this was to avoid creditors of Greg Cohen Promotions, LLC, but his purpose is immaterial to this action.

19.    Prior to signing the Promotional Agreement and the Release the defendants informed Mr. Brant's manager that they would be receiving approximately 11% of the funds available for Mr. Brant's purse, a material representation conveyed to Mr. Brant.

20.    In point of fact the Cohen/Rapacz defendants entered into a letter agreement ("Letter Agreement") with Top Rank, attached hereto as Exhibit "B", which provided that:

a.    They would receive a fee of Four Hundred Thousand Dollars ($400,000.00) for each title defense plus, for non-pay-per-view bouts, 30% of what would otherwise be monies available as the purse for Robert Brant.

b.    Two undercard slots which had significant economic value, and

c.    Co-Promotional Compensation for any fighter in which Top Rank held an interest and who defeated Robert Brant.

d.    A one-time signing bonus of One Hundred Thousand Dollars ($100,000.00).

21.    Defendants Rapacz and Cohen failed to disclose these material facts to Mr. Brant which were contrary to the representation that they would be receiving only 11% of the funds available for Mr. Brant's purse.

22.    Mr. Brant's first title defense was in Hinkley, Minnesota on February 5, 2019. Despite an obligation under Federal Law, which will be explained later in this complaint, the Cohen/Rapacz defendants failed to provide what is known as a "Muhammad Ali Act Statement." Had such a statement been provided, the scheme to skim excessive amounts from what would otherwise have been available for Mr. Brant's post would have been disclosed.

KEMP JONES, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

---

[2] Exhibit A has slight redactions at the request of Top Rank. None are material to this matter.

4

KEMP JONES, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

23.     Mr. Brant's next bout was a rematch against Ryoto Murata ("Murata") on July 12, 2019. As part of the inducement for Mr. Brant to accept that rematch, a third bout against Murata was promised to him and indeed there was a rematch clause in the contract between Top Rank and Murata's promoter. Again, Defendants did not provide a Muhammad Ali Act Statement to Mr. Brant.

24.     Mr. Brant lost to Murata at the July 12, 2019 bout.

25.     Mr. Brant sought to exercise the rematch clause and fight for the WBA Middleweight title he had lost. Numerous reasons were given by the defendants not to pursue the matter at that time. As part of these discussions, Mr. Brant and his representatives asked very directly if "step aside" money was available. The Cohen/Rapacz defendants represented that it was not.

26.     This representation was untrue. In fact, Mr. Brant later learned that One Hundred Thousand Dollars ($100,000.00) was paid to or on behalf of defendants in connection with the interim Murata bout, characterized by a Cohen employee as a "step aside fee."

## FIRST CAUSE OF ACTION

### Muhammad Ali Act Violations

### (15 U.S.C § 6301 *et seq.*)

27.     Plaintiff realleges and incorporates by reference as though fully set forth herein, the allegations contained in paragraphs 1-26.

28.     The Muhammad Ali Act was enacted in major part for the purpose of "protecting the rights and welfare of professional boxers on an interstate basis by preventing certain exploitive, oppressive, and unethical business practices." *See* Findings for HR 1832, Section 3 106th Congress.

29.     Section 6307e(b) of the Muhammad Ali Act prohibits promoters from receiving "any compensation, directly or indirectly, in connection with any boxing match until it provides to the boxer it promotes …the amounts of any compensation or consideration that a promoter has contracted to receive from such match" 15 U.S.C. § 6307e. It also requires that there be a disclosure of "any part of boxer's purse that promoters will receive."

5

KEMP JONES, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

30.     *Inter Alia*, the Cohen/Rapacz defendants did not provide required disclosure to the Nevada Athletic Commission in connection with the first bout with Murata nor to the Commission having jurisdiction over Mr. Brant's title defense in Hinkley, Minnesota as required by 15 U.S.C. § 6307e(3)(A).

31.     Rapacz and Cohen failed to provide such disclosures which would have disclosed their misrepresentations, though required to do so by the Act.

32.     Plaintiff Brant was damaged thereby as a result of this failure to provide such disclosure.

33.     15 U.S.C. § 6309(d) authorizes a private right of action by any boxer suffering injury as a result of violation of the act.

34.     As a direct and proximate cause of the Cohen/Rapacz defendants' actions, Plaintiff Brant suffered monetary losses in excess of $75,000.00.

35.     As a direct and proximate result of the Cohen/Rapacz defendants' actions, Plaintiff Brant has been required to retain the services of an attorney and is entitled to an award of reasonable attorney's fees and costs incurred in the litigation of this claim.

## SECOND CAUSE OF ACTION

### Violation of Nevada Regulations

36.     Plaintiff realleges and incorporates by reference as though fully set forth herein, the allegations contained in paragraphs 1-35.

37.      The contract at issue in this case, the Promotional Agreement (Ex. A), provides that it is to be "governed and construed in accordance with the laws of the State of Nevada governing agreements made and to be performed wholly within the State of Nevada". (Ex. A at ¶ 27).

38.     NAC 467.104 prohibits a Promoter from acting as a manager and from holding any financial interest in a boxer's management of earnings from contests or exhibitions.

39.     The Promotional Agreement, combined with the Letter Agreement between Top Rank and the Cohen/Rapacz defendants (Ex. B), clearly shows that NAC 467.104 was violated in that it calls for the Cohen/Rapacz defendants to receive a portion of Robert Brant's earnings.

6

KEMP JONES, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

40.     NAC 467.012 requires as a matter of law that Promoters be licensed. Rapacz, Rapacz Promotions LLC, and Cohen are all not licensed to be promoters in the State of Nevada and were not licensed when the Promotional Agreement was entered into.

41.     Plaintiff Brant requests that the Court declare the participation of the Cohen/Rapacz defendants under the contracts, Promotional Agreement and Letter Agreement (Exs. A and B, respectively), to be contrary to public policy and void.

42.     Plaintiff Brant requests that the Court Order the Cohen/Rapacz defendants to disgorge any monies paid to them and pay it over to Robert Brant and that Top Rank be directed to pay over to Mr. Brant funds that it holds.

43.     Plaintiff Robert Brant requests such other relief as the Court shall deem just and proper.

### THIRD CAUSE OF ACTION

### Alternate Theory Under Nevada Regulations

44.     Plaintiff realleges and incorporates by reference as though fully set forth herein, the allegations contained in paragraphs 1-43.

45.     NAC 467.0028 defines "Manager," inter alia, as one who "(c) Receives or is entitled to receive 10 percent or more of the gross purse or gross income of any professional unarmed combatant for services relating to participation of the unarmed combatant in a professional contest or exhibition; or (d) Receives compensation for service as an agent or representative of an unarmed combatant."

46.     The Cohen/Rapacz defendants claim entitlements to more than ten percent of the compensation which Mr. Brant would otherwise receive.

47.     The Cohen/Rapacz defendants have demanded that communications relating to Mr. Brant's career to and from Top Rank flow through them, though that requirement cannot be located in either the Promotional Agreement or Letter Agreement.

48.     The Promotional Agreement provides that all material decisions are to be made by Top Rank.

49.     The Cohen/Rapacz defendants fall squarely within the definition of "Manager" under the Nevada Administrative Code.

50.     Pursuant to NAC 467.12, managers must be licensed. Rapacz, Rapacz Promotions LLC, and Cohen are not licensed by the Nevada Athletic Commission in any capacity and Cohen is not licensed even in his home state of New Jersey.

51.     Plaintiff Brant requests that the Court declare the participation of Cohen and Rapacz under the Promotional Agreement and the Letter Agreement as contrary to public policy and void.

52.     Plaintiff Brant requests that the Court Order that Rapacz and Cohen disgorge any monies paid to them and pay it over to Mr. Brant and that Top Rank be directed to pay to Mr. Brant funds that it holds.

53.     Plaintiff Brant requests such other relief as the Court shall deem just and proper.

## FOURTH CAUSE OF ACTION

### Fraud

54.     Plaintiff realleges and incorporates by reference as though fully set forth herein, the allegations contained in paragraphs 1-53.

55.     Prior to Mr. Brant executing the Promotional Agreement, Mr. Brant's then manager specifically asked how much Defendants Cory and Rapacz were to receive by virtue of entry into the Promotional Agreement.  The response was that they would be receiving 11% of Mr. Brant's purse.

56.     This was a lie and the Cohen/Rapacz defendants knew it to be a lie.

57.     This lie was made to induce Mr. Brant to take action in executing the Promotional Agreement (Ex. A) so that they, and not Mr. Brant, could reap the benefits set forth in the Letter Agreement (Ex. B).

58.     In fact, there was a side letter agreement which was undisclosed to Plaintiff. That side letter agreement provided that the Cohen/Rapacz defendants would receive:

KEMP JONES, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

8

KEMP JONES, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

a.   A fee of Four Hundred Thousand Dollars ($400,000.00) for each title defense plus, for non-pay-per-view bouts, 30% of what would otherwise be monies available as the purse for Mr. Brant;

b.   Two undercard slots which had significant economic value;

c.   Co-Promotional Compensation for any fighter in which Top Rank held an interest and who defeated Robert Brant;

d.   A one-time signing bonus of One Hundred Thousand Dollars ($100,000.00); and

e.   Additional consideration as set forth more fully in the side letter agreement (Ex. B).

59.   Additionally, the Cohen/Rapacz defendants affirmatively lied to Mr. Brant when he inquired about "step aside" money paid on behalf of Murata's promoter, claiming that there was to be no such payment when in fact there was a payment of One Hundred Thousand Dollars ($100,000.00) made, either to Cohen or on his behalf which was anticipated to be split between the Cohen/Rapacz defendants.

60.   This lie was made so that Mr. Brant would not claim funds to which he would otherwise have been entitled.

61.   Mr. Brant justifiably relied to his detriment on these material representations.

62.   Plaintiff Robert Brant requests judgement in the amount of his damages, punitive damages, court costs, and reasonable attorneys' fees and expenses.

63.   Plaintiff Brant requests that the Court declare the participation of the Cohen/Rapacz defendants under the Promotional Agreement and the Letter Agreement as terminated by virtue of their actions.

64.   Plaintiff Brant requests such other relief as the Court may deem just and proper.

### FIFTH CAUSE OF ACTION

### Fraud by Omission

65.   Plaintiff realleges and incorporates by reference as though fully set forth herein, the allegations contained in paragraphs 1-64.

9

66.    The Cohen/Rapacz defendants affirmatively suppressed material facts which they were bound in good faith to disclose to Mr. Brant, including the existence of a side letter agreement with substantial benefits to them and a "step aside fee" in connection with Murata.

67.    Plaintiff Brant requests judgement in the amount of his damages, punitive damages, court costs, and reasonable attorneys' fees and expenses.

68.    Plaintiff Brant requests such other relief as the Court may deem just and proper.

## SIXTH CAUSE OF ACTION

### Nevada Common Law Unjust Enrichment

69.    Plaintiff realleges and incorporates by reference as though fully set forth herein, the allegations contained in paragraphs 1-60.

70.    Entry into the Promotional Agreement by Plaintiff Brant conferred a benefit on the Cohen/Rapacz defendants.

71.    Under such circumstances, it would defy principles of equity and good conscience if the Cohen/Rapacz defendants were permitted to keep the monetary benefits associated with their unlawful actions and deception.

72.    As a direct and proximate result of the retention of said monetary benefits, Plaintiff Brant suffered monetary charges in excess of $75,000.00, all of which rightfully belong to Plaintiff Brant. The Cohen/Rapacz defendants should be required to disgorge any monies paid to them.

73.    As a direct and proximate result of the Cohen/Rapacz defendants being wrongfully enriched, Plaintiff Brant has been required to retain the services of an attorney and is entitled to an award of reasonable attorney's fees and costs incurred in the litigation of this claim.

## SEVENTH CAUSE OF ACTION

### Breach of the Covenant of Good Faith and Fair Dealing

74.    Plaintiff realleges and incorporates by reference as though fully set forth herein, the allegations contained in paragraphs 1-73.

75.    In every contract there is the obligation of good faith and fair dealing.

KEMP JONES, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

76.   Mr. Brant and the Cohen/Rapacz defendants were parties to the Promotional Agreement and the Letter Agreement.

77.   The Cohen/Rapacz defendants owed a duty of good faith and fair dealing to Mr. Brant.

78.   The actions of the Cohen/Rapacz defendants, as described above, breached this duty of good faith and fair dealing.

79.   As a direct and proximate cause of the Cohen/Rapacz defendants' actions, Plaintiff Brant suffered monetary losses in excess of $75,000.00.

80.   As a direct and proximate result of the Cohen/Rapacz defendants' actions, Plaintiff Brant has been required to retain the services of an attorney and is entitled to an award of reasonable attorney's fees and costs incurred in the litigation of this claim.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and prays as follows:

1.   An award of actual damages, compensating damages, statutory damages stemming from Defendants' unlawful conduct in an amount to be determined at trial;

2.   Request that the Court declare the participation of the Cohen/Rapacz defendants under the Promotional Agreement and the Letter Agreement to be declared void;

3.   An award of exemplary/punitive damages owing to Cohen/Rapacz defendants' willful and material deceit and lies, in an amount to be determined at trial.

4.   An award of interest, costs, and attorney's fees incurred by Plaintiff Brant in prosecuting this action; and

/ / /

/ / /

/ / /

KEMP JONES, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

5.      For other and further relief as this Court may deem just and proper.

DATED this 15th day of April, 2021.

KEMP JONES, LLP

*/s/ J. Randall Jones*
J. Randall Jones, Esq., NV Bar No. 1927
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169


Patrick English, Esq. *(pro hac vice pending)*
dinesandenglish@aol.com
DINES and ENGLISH, LLC
685 Van Houten Avenue
Clifton, New Jersey 07013

*Attorneys for Plaintiff*